NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-503

KURT THOMAS ECHOLS

vs.

TOEUN POT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial, a Probate and Family Court judge entered a modification judgment that ordered Toeun Pot (mother) to pay child support to Kurt T. Echols (father). The mother appeals from the judgment. We affirm.

Background. We summarize the trial judge's relevant findings, supplementing them with undisputed facts in the record, and reserving other facts for later discussion. Cavanagh v. Cavanagh, 490 Mass. 398, 399 (2022).

The parties are the parents of two minor children. Pursuant to a judgment of modification that entered on April 30, 2018, the parties share legal and physical custody of the children. On April 30, 2019, a judgment of modification (2019

judgment) entered implementing a parenting plan where each two-week period the children have eight overnight visits with the mother and six overnight visits with the father. Under the parenting plan, the father has the children for the entirety of each weekend except from Saturday at 1:30 P.M. to Sunday at 8:00 A.M. The 2019 judgment further ordered the father to pay the mother $200 per week in child support. At the time that the 2019 judgment entered, the father earned $1,346 per week working at the Massachusetts Bay Transportation Authority (MBTA), and the mother earned $534.37 per week as a consumer underwriter. The child support order was "based on approximately equal shared parenting responsibility with each party paying one-half of the childcare expenses for their two children."[1]

On April 8, 2022, the mother filed the complaint for modification at issue here requesting to modify aspects of the parenting plan. On October 12, 2022, the father filed an answer to the mother's complaint and a counterclaim for modification seeking to modify aspects of the parenting plan and to have his child support recalculated according to the Massachusetts Child Support Guidelines (guidelines) because he had been laid off

---

[1] The child support guidelines worksheet the trial judge used in support of this order was not included in the record.

from the MBTA.  The only issue tried before the judge was child support.[2]

At the September 19, 2024 trial, both parties testified and seventeen exhibits were entered into evidence.  In her findings of fact and rationale, the judge found that the "parties are operating under the same parenting plan since the 2019 [j]udgment," but that the mother's income had "increased substantially since the time of the 2019 [j]udgment," from $534.37 per week to $1,376 per week.  The judge found that the father had been laid off from his previous employment but had started a "music instruction/tutoring business," earning "year-to-date average income" of $730 per week compared to $1,346 per week in 2019.  The judge credited the father's testimony that he had "tried to find another office job," continued to "network and develop business and expect[ed] his income to increase with time."  On October 18, 2024, a judgment of modification entered ordering the mother to pay the father $175 weekly in child support.

Discussion.  The mother argues that:  (1) the judge committed clear error by applying "a 50/50 calculation where [the] mother ha[d] majority parenting time"; (2) the judge erred by failing to make written findings supporting deviation; and

---

[2] Neither party sought any change in the parenting schedule.

3

(3) the judge erred by giving the father's testimony "full credibility" but declining to consider any projected income growth when calculating child support.

We review a judge's child support modification judgment for an abuse of discretion, see Smith v. Smith, 105 Mass. App. Ct. 505, 508 (2025), and "accept the judge's findings of fact as true unless they are clearly erroneous" (citation omitted). Whelan v. Whelan, 74 Mass. App. Ct. 616, 619 (2009).

The mother first argues that the judge committed error by calculating the child support order using the Massachusetts Child Support Guidelines worksheet formula for "parents [who] share financial responsibility and parenting time for the children approximately equally (shared)." Child Support Guidelines § II(D)(2) (July 2023) (Guidelines). The mother contends that now that she is the higher earner of the parties, "it is no longer fair" to use the "50/50" calculation and require her to pay child support to the father even though there has been no change to the parenting plan. We disagree.

"'[T]he method for calculating and modifying child support' is governed both by statute, see G. L. c. 208, § 28, and by the . . . Child Support Guidelines" (citations omitted). Smith, 105 Mass. App. Ct. at 508. "A child support order may be modified if . . . [t]here is an inconsistency between the amount of the

4

existing order and the amount that would result from the application of the guidelines . . . [or if] [a]ny other material and substantial change in circumstances has occurred." Guidelines § III(A).  However, "[o]f the several factors which the judge may consider in modifying a decree for child support, . . . this court has never required that they be accorded equal weight or conjunctive application" (citation omitted).  Brooks v. Piela, 61 Mass. App. Ct. 731, 734 (2004).

Here, the judge properly found that the father's decrease in income and the mother's increase in income constituted material changes in circumstances warranting modification of the child support order.[3]  The judge considered the parties' parenting schedule and found that it remained consistent with the 2019 plan, and that "[i]nsofar as the prior child support order was predicated upon the parties having approximately equal parenting time and that parenting plan remains unchanged[,] the Court is satisfied that it continues to be appropriate to apply the guidelines the same way."  Indeed, the child support guidelines worksheet does not require a precisely equal parenting schedule to use the Box 1(b) formula; it can be applied for "approximately equally" shared parenting schedules,

_____

[3] The judge did not credit either party for any childcare costs because the children were no longer enrolled in childcare.

5

such as the one employed by the parents here.  See Guidelines § II(D)(2); 2021 Child Support Guidelines Worksheet.

The judge entered an order consistent with the principles of the child support guidelines; to wit, "promoting parental financial responsibility for children [and] . . . to the extent either parent enjoys a higher standard of living, allowing the child to enjoy that higher standard."  See Guidelines, preamble. It was not error for the judge to conclude, after considering the circumstances of the parties, that even though the mother had "slightly more" parenting time than the father, it was "not so much more that the analysis should shift to the '2/3 1/3' tranche."  See Richards v. Mason, 54 Mass. App. Ct. 568, 572 (2002) ("[J]udges have considerable discretion under the guidelines, and the exercise of this discretion may result in a range of proposed support orders").  The judge acted within her discretion in utilizing the Box 1(b) formula for the calculation of child support.

The mother's argument that the judge erred by failing to make findings is equally unpersuasive.  As noted above, the guidelines do not mandate a finding of deviation merely because a parenting schedule is not precisely equal.  The mother points to no evidence in the record that the child support order in the 2019 modification, using Box 1(b), was a deviation from a

6

presumptive child support order compelling the need for findings.[4]  Rather, the mother concedes that Box 1(b) was used in 2019 and that the order was not an abuse of discretion.

Even if we were to conclude that the child support order constituted a deviation (which we do not), the judge acted within her authority.  Although § IV of the guidelines requires a judge to make specific findings when deviating from the presumptive guidelines amount, § III of the guidelines permits the continued application of preexisting deviations.  See Guidelines § III(B).  Pursuant to § III, "the Court shall apply the existing deviation to the modification action if:  (1) the facts that gave rise to the deviation still exist; and (2) deviation continues to be in the child[ren]'s best interest; and (3) the guidelines amount would be unjust or inappropriate under the circumstances."  Id.

Here, the facts giving rise to the 2019 child support order still exist.  As the judge correctly found, there was no change in the parenting plan, a schedule that had been in place since 2019.  Implicit in the judge's findings is the consideration that this schedule is in the best interest of the children.  Moreover, the judge properly considered the significant increase in the mother's income -- and the decrease in the father's

---

[4] Neither party appealed the 2019 modification judgment.

7

income -- to meet the needs of the children.  See Brooks, 61 Mass. App. Ct. at 734 (judge appropriately considered one parent's enhanced standard of living and resulting disparity in parental households).

Finally, the mother argues that the judge erred by giving the father's testimony "full credibility," but declining to attribute any income based on his testimony that he anticipated to increase his income from business growth.  We disagree.  The judge credited the father's testimony that his weekly income varied and fluctuated throughout the year.  Where "[t]here was no credible evidence that [the father] is intentionally underemployed," or "that he voluntarily left his employment or has been less than candid about his income," and where the father's increase in income had not yet come to fruition, the change in child support made by the judge was grounded in the material changes in circumstances at the time of trial, was not

excessive, and did not "fall[] outside the range of reasonable alternatives" (citation omitted).  <u>Bobblis</u> v. <u>Costa</u>, 94 Mass. App. Ct. 264, 266 (2018).[5]

<u>Judgment of modification affirmed</u>.

By the Court (Desmond, Tan & Wood, JJ.[6]),

Clerk

Entered:  July 2, 2026.

---

[5] If the father's income does, in fact, materially increase, the mother may petition the court for a further modification to the child support.

[6] The panelists are listed in order of seniority.